**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
Two Gateway Center, Suite 1201
Newark, New Jersey 07102
Newark, NJ 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
bgreenberg@litedepalma.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANJAY SAINI, Individually And On Behalf Of All Other Similarly Situated Residents,<br><br>Plaintiff,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | Civil Action No. 12-cv-6105(CCC)(JAD)<br><br><br>**CLASS ACTION** |

## ORDER GRANTING PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT

WHEREAS, pursuant to Rule 23(b)(3) of the Federal Rules of Civil

Procedure, the Parties seek entry of an order preliminarily approving the settlement

of this action pursuant to the Settlement Agreement fully executed on May 29,

2014 (the "Settlement" or "Agreement"), which, together with its attached exhibits,

419674.2

sets forth the terms and conditions for a proposed Settlement of the Action and

dismissal of the Action with prejudice; and

WHEREAS, the Court having read and considered the Agreement and its

exhibits as well as Plaintiff's Notice of Motion, Memorandum of Law and

Certification by Bruce D. Greenberg in support of Plaintiff's Unopposed Motion

for Preliminary Approval of the Class Settlement;

NOW, THEREFORE, IT IS ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Agreement,

and all terms used in this Order shall have the same meanings as set forth in the

Agreement.

2.      For purposes of this Action, the Court has subject matter and personal

jurisdiction over the Parties, including all Settlement Class Members.

3.      The Court preliminarily approves the Settlement as being within the

realm of reasonableness to the Settlement Class, subject to further consideration at

the Settlement Hearing described below.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court

certifies, solely for purposes of effectuating the Settlement, the Settlement Class as

follows:

All consumers within the United States, at any time after September 28,

2006, (1) who were the initial purchasers of a BMW Sales Demonstration

2

("sales demo") vehicle or a BMW Aftersales Mobility Program ("service demo") vehicle; (2) that was identified in the contract of sale as "new;" and (3) were not informed that the vehicle was a sales demo or service demo vehicle whose warranty had commenced prior to customer purchase.

5.      Regarding the Settlement Class, the Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

6.      The Court approves the form and content of the Class Notice (Exhibits "C" and "D" to the Settlement Agreement).  The Court finds that the electronic and postal mailing of the Class Notices in the manner and form set forth in the Agreement satisfies due process.  The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Class Members entitled to such Class Notice.

a.   Defendant shall effectuate Notice as required under the Class Action Fairness Act ("CAFA") within sixty (60) days after the date of this Order.

b.   Defendant shall cause the Class Notice to be disseminated to Settlement Class Members in the form and manner set forth in the Agreement within sixty (60) days of this Order.  The Court authorizes the Parties to make non-material modifications to the Class Notice prior to dissemination if they jointly agree that any such changes are necessary under the circumstances.

c.   The Settlement Administrator is authorized to establish a website and toll-free voice response unit with message capabilities to which Class Members may refer for information about the Action and the Settlement.  Ten (10) days before the Final Approval Hearing, Defendant shall file with the Court a declaration setting forth the details of the notice provided pursuant to this Order.

7.     The Claim Form (Exhibits "A" and "B" to the Settlement Agreement) is approved for dissemination to the Settlement Class Members.

8.     If Settlement Class Members do not wish to participate in the Settlement Class, Settlement Class Members may exclude themselves.  All requests by Settlement Class Members to be excluded from the Settlement Class must be in writing and postmarked on or before one-hundred and twenty (120) days after the date of this Order. If a Settlement Class Member wishes to be excluded ("opt out") from the Settlement Class, the Settlement Class Member's

4

written Request for Exclusion shall include (1) state the Class Member's full name and current address; (2) identify the model, model year, and Vehicle Identification Number ("VIN") of his/her/its Vehicle(s) and the date(s) of purchase; and (3) specifically and clearly state his/her/its desire to be excluded from the Settlement and from the Settlement Class.

      a.   The Request for Exclusion must be mailed to each of the following, postmarked by the last day to file the request for exclusion:

> Rosemary J. Bruno and Christopher J. Dalton
> Buchanan Ingersoll & Rooney PC
> 550 Broad Street, Suite 810
> Newark, NJ 07102
>
> Jeffrey R. Krinsk, Mark L. Knutson, and William R. Restis
> Finkelstein & Krinsk LLP
> 501 West Broadway, Suite 1250
> San Diego, CA 92101
>
> Claire C. Cecchi, U.S.D.J.
> Martin Luther King Building
> 50 Walnut Street
> Newark, NJ 07101

      a.   No Request for Exclusion will be valid unless all of the information described above is included.

      b.   All Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement

Class, and will preserve their ability to independently pursue any claims they may have against Defendant.

9.     Any Settlement Class Member who has not previously submitted a Request for Exclusion in accordance with the terms of this Agreement may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved.  In order to be heard at the Final Approval Hearing, however, the Settlement Class Member must make any objection in writing and file it, along with a notice of intention to appear at the Fairness Hearing ("Notice of Intention to Appear"), with the Court on or before one-hundred twenty (120) days after the date of this Order.

10.     To state a valid objection to the Settlement, an objecting Settlement Class Member must provide the following information in his, her or its written objection: (1) his/her/its full name, and current address; (2) the model and model year of his/her/its Vehicle(s), as well as the VIN of his/her/its Vehicle(s) and the date(s) of purchase; (3) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; and (4) provide copies of any other documents that the objector wishes to submit in support of his/her/its position;  (5) a detailed list of any other objections to any class action settlements submitted to any court, whether state, federal, or otherwise, in the United States in the previous five (5) years; and (6) the Class Member's signature.  Any objecting

6

Class Member also must provide copies of any other documents offered in support of the objection.

b.  To be valid, an objection must include a detailed statement of each objection asserted, including the grounds for objection.  If the Class Member has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he, she or it shall affirmatively so state in the written materials provided in connection with the objection to this Settlement.  Finally, subject to approval of the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate and reasonable, or object to any petition for attorneys' fees, incentive awards, and reimbursement of reasonable litigation costs and expenses.  The objecting Class Member must file with the Clerk of the Court and serve upon all counsel (designated below) a Notice of Intention to Appear at the Fairness Hearing by the Objection Deadline or on such other date that may be set forth in the Class Notice. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Fairness Hearing.

c.  The objection must also be mailed to must be mailed to each of the following, postmarked by the last day to file the request for exclusion:

7

Rosemary J. Bruno and Christopher J. Dalton
Buchanan Ingersoll & Rooney PC
550 Broad Street, Suite 810
Newark, NJ 07102

Jeffrey R. Krinsk, Mark L. Knutson, and William R. Restis
Finkelstein & Krinsk LLP
501 West Broadway, Suite 1250
San Diego, CA 92101

Claire C. Cecchi, U.S.D.J.
Martin Luther King Building
50 Walnut Street
Newark, NJ 07101

Any Settlement Class Member who does not make his or her objections in the manner provided herein shall be deemed to have waived such objections and shall forever be foreclosed from making any objections to the fairness, reasonableness, or adequacy of the proposed Settlement and the judgment approving the Settlement.

11.   The Court hereby schedules the Final Approval Hearing for ___March 12___, 2015 at ___11:00___ a.m./p.m. in Courtroom 2B of the United States District Court for the District of New Jersey, Newark Division, Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark NJ 07101, to determine whether the proposed Settlement should be approved as fair, reasonable and adequate, whether a judgment should be entered approving such Settlement, and whether Class Counsel's application for

8

419674.2

attorneys' fees and for incentive awards to Class Representatives should be approved. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

12. Settlement Class Members shall have one hundred twenty (120) days after the date of this Order to submit claim forms.  Claim forms must be postmarked by that date to be considered timely.

13. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class Members.

IT IS SO ORDERED

DATED: _October   6_____, 2014

_____
Claire C. Cecchi, U.S.D.J.

419674.2