# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SANJAY SAINI, Individually And On Behalf Of All Other Similarly Situated Residents,

    Plaintiff,

vs.

BMW OF NORTH AMERICA, LLC,

    Defendant.

Civil Action No. 12-cv-6105(CCC)(JAD)

**CLASS ACTION**

## ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

**WHEREAS**, this matter has come before the Court pursuant to Plaintiff's Motion for an Order granting Final Approval of the Class Action Settlement and Certifying a Settlement Class;

**WHEREAS**, the Court finds that it has jurisdiction over this Action.

**WHEREAS**, on October 6, 2014, this Court granted Plaintiff's Motion for Preliminary Approval of the Settlement Agreement and Provisional Class Certification (the "Preliminary Approval Order");

**WHEREAS**, the Settlement Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes only;

**WHEREAS**, the Court held a hearing on March 12, 2015 to consider the fairness, reasonableness, and adequacy of the Settlement Agreement, has been advised of any objections to the Settlement, and has given fair consideration to such objections;

**WHEREAS**, the Court has considered the Motion, the Class Action Settlement Agreement, and the exhibits hereto (the "Settlement Agreement" or the "Settlement"), and any objections to the proposed Settlement; and

**WHEREAS**, the Court is otherwise fully advised in the premises and has considered the record of these proceedings, the representations, arguments, and recommendations of counsel for the parties, and the requirements of law.

**IT IS HEREBY ORDERED THAT:**

### I. FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

The terms of the Settlement Agreement are approved. The Settlement is in all respects fair, reasonable, adequate and proper, and in the best interest of the Class. In reaching this conclusion, the Court has considered a number of factors, including an assessment of the likelihood that Plaintiff would prevail at trial; the range of possible recovery available to such Plaintiff; the consideration provided to Settlement Class Members pursuant to the Settlement Agreement as compared to the range of possible recovery discounted for the inherent risks of litigation; the

complexity, expense and possible duration of such litigation in the absence of a settlement; the nature and extent of any objections to the Settlement; and the stage of the proceedings at which the Settlement was reached.

The proposed Settlement was entered into by experienced counsel and only after extensive arms-length negotiations, including through mediation supervised by an experienced mediator. The proposed Settlement is not the result of collusion. The proposed Settlement was entered into in good faith, is reasonable, fair, and adequate, and is in the best interest of the Settlement Class. Class Counsel and the Class Representative have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

## II. CLASS CERTIFICATION FOR SETTLEMENT PURPOSES

### A. CERTIFICATION OF SETTLEMENT CLASS

Consistent with its Preliminary Approval Order, the Court hereby grants class certification of the following settlement class for purposes of final approval:

> All consumers within the United States, at any time after September 28, 2006 until October 6, 2014, (1) who were the initial purchasers of a BMW Sales Demonstration ("sales demo") vehicle or a BMW Aftersales Mobility Program ("service demo") vehicle; (2) that was identified in the contract of sale as "new;" and (3) were not informed that the vehicle was a sales demo or service demo vehicle whose warranty had commenced prior to customer purchase.

## B. RULE 23(a)

With respect to the proposed Settlement Class as set forth in the Settlement Agreement, this Court has determined that, for the purposes of settlement of the Action only, Plaintiff has satisfied each of the Rule 23(a) Prerequisites:

1. The Class Members are so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).

2. There are questions of law or fact common to the Settlement Class. Fed. R. Civ. P. 23(a)(2). Common questions of law or fact include: (1) such as whether BMW NA had a policy of directing BMW dealers not to disclose a vehicle's demo status, thereby shortening the term of warranty coverage on BMW demo vehicles sold to Plaintiff and the Class as "new;" (2) whether BMW NA's warranty commences coverage on the date that a demo vehicle is delivered to the dealership lot, rather than on the date on which the same vehicle is sold to the consumers as new; (3) whether this alleged conduct breaches BMW NA's promise to provide 4 years of Ultimate Warranty coverage for all "new" BMW vehicles, or unjustly enriches BMW NA; and (5) whether BMW NA had a duty to disclose the limitation on purchasers' warranties to Class Members.

3. The claims of the Class Representative are typical of the claims of the Settlement Class. Fed. R. Civ. P. 23(a)(3). Here, Plaintiff has alleged that BMW

4

NA had a purported policy of failing to provide four years of warranty coverage per its contractual covenant for demonstration vehicles sold by BMW dealers as "new", thereby depriving Settlement Class members of valuable warranty coverage. Plaintiff asserts that there was sufficient uniform treatment by Defendant so that the Class Representative and Settlement Class Members presents (i) the same claim concerning (ii) the same conduct and (iii) the same relief from Defendant. The ability of the Parties to achieve a settlement on terms applicable to the entire Settlement Class underscores the finding of typicality.

4. The Class Representative will fairly and adequately protect the interests of the Settlement Class. Fed. R. Civ. P. 23(a)(4). The Class Representative does not have interests that are antagonistic to the Class and are fully aligned with the interests of other Class Members. Accordingly, the Court finds that the Class Representative has satisfied Rule 23(a) for purposes of evaluating this Settlement.

### C. RULE 23(b)(3)

With respect to the proposed Settlement as contained in the Settlement Agreement, the Court also "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," and

"that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. p. 23(b)(3).

Here, Settlement Class Members share a common legal grievance arising from BMW NA's alleged policy of treating Class Vehicles as demos for the purpose of warranty calculation even though they are sold by BMW dealers as "new," thereby depriving Class Members of valuable warranty coverage. Common legal and factual questions are central to all Class Members' claims and predominate over any individual question that may exist for purposes of this Settlement, and the fact that the Parties are able to resolve the case on terms applicable to all Settlement Class Members underscores the predomination of common legal and factual questions for purposes of this Settlement. In concluding that the Settlement Class should be certified pursuant to Rule 23(b)(3) for settlement purposes, the Court further finds that a class action is superior for purposes of resolving these claims because individual class members have not shown any interest in individually controlling the prosecution of separate actions. Moreover, the cost of litigation far out paces the individual recovery available to any plaintiffs. *See* Fed. R. Civ. P. 23(b)(3)(A). Accordingly, the Court finds that, for purposes of this Settlement, Rule 23(b)(3) has also been satisfied.

### III. NOTICE

The Court finds that the Notice Program (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was the best practicable notice under the circumstances; (iii) reasonably apprised Settlement Class Members of the pendency of the action and their right to object to the proposed Settlement or opt out of the Settlement Class; and (iv) was reasonable and constituted due, adequate and sufficient notice to all those entitled to receive notice. Additionally, the Class Notice adequately informed Class Members of their rights in the Action. *See* Fed. R. Civ. P. 23(c)(2).

### IV. DISMISSAL WITH PREJUDICE

This Court hereby enters a judgment of dismissal, pursuant to Fed. R. Civ. P. 54(b), of the claims by the Settlement Class Members, with prejudice and without costs, expect as specified herein, and except as may be provided for in the Court's order related to Plaintiff's unopposed motion for attorneys' fees, expenses and incentive awards. The Clerk of Court is directed to close this docket.

### V. RELEASES AND FURTHER RELIEF

Pursuant to the Settlement Agreement, Defendant is released from any and all claims or causes of action that were, or could have been, asserted by the

Plaintiff or any Class Members against them, regarding the Class Vehicles' warranty as alleged in the Action and Settlement.

## VI. OPT-OUTS

A list of those members of the Class who have timely elected to opt-out of the Settlement and the Class, and who therefore are not bound by the Settlement, the provisions of the Settlement Agreement, and this Order, has been submitted to the Court and is attached at the end of this Order as Exhibit A.

## VII. CONTINUING JURISDICTION

Without any way affecting the finality of this Order, the Court hereby retains jurisdiction over the Parties to the Settlement Agreement, including all Settlement Class Members, and Class Counsel to construe and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the Parties. The Court shall also retain jurisdiction to protect, preserve and implement the Settlement Agreement, including but not limited to, the Release. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including but not limited to, orders

enjoining Class Members from prosecuting claims that are released pursuant to the Settlement Agreement.

Consistent with the Settlement Agreement, it is further Ordered that Class Members shall be permanently barred from initiating, asserting, or prosecuting any and all released claims against Defendant in any federal or state court in the United States or any other tribunal.

**IT IS SO ORDERED.**

DATED: _May 21_, 2015

_____
Claire C. Cecchi, U.S.D.J.

## EXHIBIT A

## LIST OF EXCLUSIONS

|     | Name & Address | Model | VIN Number |
| --- | --- | --- | --- |
| 1.  | Alasdair C. Acheson<br>726 Herrick Court<br>Katy, TX 77450 | 2014 BMW 328d | WBA3D3C5XEK154492 |
| 2.  | Drew Bentley<br>317 Dorothy Louise Dr.<br>Jeannette PA, 15644 | 2013 BMW X3 | 5UXWX9C59DOA11572 |
| 3.  | Christopher J. Casebolt<br>2595 Endicott Dr.<br>Boulder, CO 80305 | 2013 BMW | 5UXZW0C50D0B90323 |
| 4.  | Lawrence E. & Mary C. Casper<br>11395 N. Flying Bird Dr.<br>Tucson, AZ 85737 | 2011 BMW X5 | 5UXZV4C5XBL739562 |
| 5.  | George B. Farr<br>2730 Clarence St.<br>Maplewood, MN 55109-1007 | 2013 Mini Cooper | T340242549307 |
| 6.  | Chris Frank<br>207 Warren Court<br>Exton, PA 19341 | 2011 BMW 335i | WBADX7C51BE743783 |
| 7.  | Stephanie R.A. Hacker<br>1750 N. Palmer St.<br>Milwaukee, WI 53212 | 2013 Mini Cooper Countryman | WMWZB3C56DWM08545 |
| 8.  | Thomas J. Linaris<br>54 Stratton Ave.<br>Westwood, NJ 07675 | 2011 BMW X5 | 5UXZV8C51BL419098 |
| 19. | Tessie B. McNeely<br>921 Surrey Dr.,<br>P.O. Box 495<br>Gwynedd Valley, PA 19437 | 2010 Mini Clubman S | WMWMM3C5XATP93853 |
| 10. | Toni Milas<br>1654 Friar Lane<br>Naperville, IL 60565-6773 | 2011 BMW 335i | WBADX7C50BE581550 |
| 11. | Kristen T. Otto<br>84 Eagle Chase<br>Woodbury, NY 11797 | 2013 BMW 328xi | WBA3B5G59DNP40755 |

| | | | |
|---|---|---|---|
| 12. | Michael Richard Velloza<br>175 San Francisco Blvd.<br>San Anselmo, CA 94960 | 2010 328i | VVBAPH5C54AA440128 |
| 13. | Roger Zoch<br>3961 Ruth Ct<br>McFarland, WI 53558 | 2010 Mini Cooper | WMWMF3C58ATZ28208 |